UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MAURICE WILLIAMS,

                      Petitioner,

v.                                          9:10-CV-1533
                                                      (GTS/DEP)

NEW YORK STATE DIV. OF PAROLE,

                      Respondent.
_____

APPEARANCES:                                 OF COUNSEL:

MAURICE WILLIAMS
  Petitioner, *Pro Se*
320 Ross Ruland Road
P.O. Box 347
South Cairo, New York 12482

HON. ERIC T. SCHNEIDERMAN           PAUL M. TARR, ESQ.
 Attorney General for the State of New York    Assistant Attorney General
  Counsel for Respondent
120 Broadway
New York, New York 10271

GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

      Maurice Williams ("Petitioner") filed a Petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on December 20, 2010. (Dkt. No. 1.) By Report-Recommendation dated December 21, 2011, United States Magistrate Judge David E. Peebles recommended that the Petition be denied and dismissed as time-barred pursuant to 28 U.S.C. § 2244(d), and that a certificate of appealability not issue. (Dkt. No. 13.) Petitioner filed objections to the Report-Recommendation on January 27, 2012, and February 17, 2012. (Dkt. Nos. 17, 18.) For the reasons set forth below, Magistrate Judge Peebles' Report-Recommendation is accepted and adopted in its entirety, and the Petition is denied and dismissed in its entirety.

## I. RELEVANT BACKGROUND

For the sake of brevity, the Court will not repeat the factual background of Petitioner's September 2006 conviction for weapons possession in the third degree but will simply refer the parties to the relevant portion of Magistrate Judge Peebles' Report-Recommendation, which accurately recites that factual background. (Dkt. No. 8 at Part I.)

### A. Petitioner's Claims

Petition filed his Petition on December 20, 2010. (Dkt. No. 1.) Generally, in his Petition, Petitioner asserts the following three claims: (1) a claim that the trial court lacked jurisdiction over Petitioner because the charging instrument did not allege all of the elements to support the conviction (specifically, the "intent to use" element for weapons possession); (2) a claim that Petitioner's conviction was obtained by fraud and misrepresentation by the court and its personnel, attorneys of record, and law enforcement officials, because the charging instrument was "facially insufficient"; and (3) a claim that, by unlawfully and maliciously arresting, prosecuting and convicting Petitioner, Respondent has violated Petitioner's rights to due process, equal protection, and freedom from cruel and unusual punishment. (*Id.*)

### B. Magistrate Judge Peebles' Report-Recommendation

On November 29, 2011, Magistrate Judge Peebles issued his Report-Recommendation in this action. (Dkt. No. 13.) In his Report-Recommendation, Magistrate Judge Peebles recommends dismissal of the Petition for untimeliness based on Petitioner's failure to file his petition within the one-year statute of limitations period under 28 U.S.C. § 2244(d). (*Id.* at Part III.) Magistrate Judge Peebles also determined that Petitioner cannot claim any exceptions to the one-year limitation. (*Id.*)

### C. Petitioner's Objections to the Report-Recommendation

On January 27, 2012, and February 17, 2012, Petitioner filed his objections to the Report-Recommendation. (Dkt. Nos. 17, 18.) Although Petitioner's second set of objections were untimely, the Court will consider them out of special solicitude to him.

Generally, in his objections, Petitioner asserts the following three arguments: (1) the lower court should have held an evidentiary hearing on Petitioner's claims of improper and prejudicial conduct between the arresting officer and the NYS police investigator; (2) there was insufficient evidence to support the "intent to use" element of the weapons possession charge, and a preliminary hearing or grand jury procceeding should have been conducted to consider that fact; and (3) Petitioner's ineffective-assistance-of- counsel claims are unexhausted and should not be dismissed. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

3

evidence. . . ." 28 U.S.C. § 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3]  Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

---

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Id.*[5]

After conducing the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### B. Standard Governing Review of Petitioner's *Habeas* Petition

Magistrate Judge Peebles has recited the legal standard governing review of Petitioner's *habeas* petition pursuant to 28 U.S.C. § 2244(d).  (Dkt. No. 13 at Part III.A.)  As a result, that standard is incorporated by reference in this Decision and Order, which is intended primarily for review of the parties.

## III. ANALYSIS

After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles' Report-Recommendation, the Court agrees with each of the recommendations made by Magistrate Judge Peebles.  Magistrate Judge Peebles employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts.  (*See generally* Dkt. No. 8 at Parts I  through IV.)  As a result, the Court accepts and adopts Magistrate Judge Peebles' Report-Recommendation in its entirety for the reasons stated therein.

The Court would add only one point.  Even when construed with the utmost of special liberality, Petitioner's objections fails to specifically challenge, or offer any new arguments

---

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

regarding, Magistrate Judge Peebles' findings and recommendations regarding the statute of limitations. (*Compare* Dkt. Nos. 17 and 18 [Objections] *with* Dkt. No. 13 [Report-Recommendation].) As a result, this portion of Magistrate Judge Peebles' Report-Recommendation is subject to merely a clear-error review, which it easily withstands. Moreover, in any event, the Court would adopt this portion of the Report-Recommendation under even a *de novo* review.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Peebles' Report-Recommendation (Dkt. No. 13) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Petition (Dkt. No. 1 ) in this matter is **DENIED** and **DISMISSED**; and it is further

**ORDERED** that a certificate of appealability not issue with respect to any of the claims set forth in the Petition as Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2).

Dated: July 12, 2012
   Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge